ABRAHAMS *et al.*, Plaintiffs in Error, v. KRAUTLER, Defendant in Error.

1. A person who, building upon his own land, makes use of the wall of an adjoining proprietor, does not thereby render himself liable for one half the cost of such wall; if any injury has been sustained, the appropriate remedy is an action for damages resulting from such injury.

*Error to St. Louis Circuit Court.*

*Knox & Kellogg*, for plaintiffs in error.
*Hudson & Thomas*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

It does not appear from any thing contained in the record whether the wall, the half of whose value is sued for, stands on the dividing line between the plaintiffs and defendant, or whether it is entirely on the land of the plaintiffs. Nothing appearing on the subject, we must take it that the builders of the house occupied by the plaintiffs were not trespassers, and built upon their own land. If this be so, even then we do not see the principle on which the plaintiffs seek to make the defendant liable for one half of the cost of their wall. If the principle insisted upon be a correct one, then the use of the wall of the plaintiffs by the defendant, as a wall for his house, for any, no matter how short a time, would render him liable for half the cost of it. Though the wall might be an old one, in use for a great many years, yet, if one afterwards uses it, he will be liable for one half of the original cost. There may be statutes in England and in some of the the United States which give an action like the present against one who uses the wall of another as a party-wall; but we have found no case at common law which furnishes a ground for an action like this. If one's wall is used by another to his injury, he may undoubtedly have an action for such injury. The case of Rankin v. Charless (19 Mo. 490) contains a recognition of this principle. But if

one of two adjoining proprietors puts a structure on his land, from which his neighbor derives a benefit, without any injury to the owner of the structure, we know of no case which gives an action under such circumstances. If one makes use of his neighbor's fence as a part of his enclosure, committing no trespass and doing no injury, will an action lie against him for half the cost of the fence? The want of generosity in such conduct is a matter with which the law has nothing to do. If the plaintiffs have sustained any injury by the conduct of the defendant, his redress is an action for damages resulting from such injury. If the injury committed amounts to a nuisance, the law furnishes an appropriate remedy. The other judges concurring, the judgment will be affirmed.