Butler et al. *v.* The State ex rel. McFatridge.

———◦♦◦———

BUTLER *et al. v.* THE STATE *ex relatione* McFATRIDGE.

20 169
148 166
148 168
151 559

CONSTABLE—OFFICIAL BOND.—In 1858, *A* was duly elected constable for one year, and qualified according to law. In 1859, he was re-elected, and failed to qualify, but continued to perform the duties of the office. During the latter year an execution against *B* came properly into his hands, and *B* delivered to him a promissory note to hold as a pledge for the payment of the execution. Afterwards, an arrangement was made by *B* by which *C* assumed the payment of said execution, and *A* was notified thereof. Afterwards *A*, not regarding said arrangement, levied upon said note to satify said execution, and sold the same. Suit against *A* and his sureties on his official bond given in 1858, to recover the value of said note.

*Held,* that *A*, in selling said note, was guilty of malfeasance in office, and he and his sureties are therefor liable for its value on his official bond.

*Held,* also, that he and his sureties, by his misconduct, are estopped

to say that the sale conferred no title on the purchaser, and therefore *B* is not injured.

*Held*, also, that *A* and his sureties are liable on the bond given in 1858, because, in legal effect, they thereby became responsible for one year, *and until A's successor should be elected and qualified.*

*Held*, also, that a constable's return on an execution is conclusive evidence of the facts therein recited only against himself, but only *prima facie* evidence as to other cases.

APPEAL from the *Rush* Common Pleas.

DAVISON, J.—This is an action by the State, on the relation of *Holmes McFatridge*, against *Butler*, as constable, and *Collins*, as his surety, on his official bond. The bond is dated *April* 10th, 1858, is in the penalty of 1000 dollars, and is conditioned thus:

"Whereas, *George Butler* has been, by the voters of *Posey* township, *Rush* county, elected constable, to serve as such from the 5th of *April*, 1858, for the term of one year, and until his successor shall be elected and qualified. Now if the said *George Butler* shall faithfully discharge the duties of his office, &c., then this bond shall be void," &c. The complaint alleges that *Butler* was re-elected constable of said township on the first *Monday* of *April*, 1859, but failed to qualify as such constable, by giving another bond and taking the oath prescribed by law; but continued to act as such constable under the bond and condition aforesaid to the present time. There are three breaches assigned. The first avers that on *November* 16th, 1859, *Butler*, then acting as constable, under the aforesaid bond and condition, had in his hands an execution, issued by one *Willis Collins*, a justice of the peace, upon a judgment in favor of one *William Johnson* and against said relator, for 97 dollars; and that on the day last aforesaid, the relator delivered to said constable, to hold as a pledge for the payment of the execution, a note of hand on one *Cyrus Ball* for 621 dollars, payable to the relator on the 25th of *Decem-*

ber, 1854, without relief,. &c.; that on *November* 17th, 1854, *Ball,* the maker of the note, made an arrangment with *Johnson,* the execution plaintiff, by which he, *Ball,* became responsible to *Johnson* for said judgment, and all costs thereon, and *Johnson* looked to *Ball* alone for payment; that *Johnson* notified the constable to proceed no further on the execution in his hands, and that afterwards on the 20th day of *November,* 1859, *Butler,* as such constable, illegally levied on the note, and on *December* 10th, in the same year, sold it to one *John Spencer* for 420 dollars, which levy and sale were unauthorized, contrary to law, and in violation of the condition of the bond; wherefore, &c. The second breach is similar to the first, with this exception: It charges that *Butler,* as such constable, in violation of the instructions of *Johnson,* the execution plaintiff, sold the note for 420 dollars, and falsely returned the execution by avering in his return that the note had been sold for 320 dollars, which amount, less his costs, he returned to the justice, &c. And for third breach, it is alleged, that the constable fraudulently colluded with said *Spencer* and one *Beavard* to defraud the relator out of 200 dollars and the costs of sale; that *Butler,* as constable, had no right to levy upon and sell the note; that he made the levy and sale in fraud of the relator's rights and without legal authority; that the same was made in violation of *Johnson's* instructions; that the levy was excessive; and that the relator had demanded the note from *Butler,* who refused to deliver it, &c. Defendant's answer consists of a denial, and two special defences. Replies in denial, &c. The Court tried the issues, and found for the plaintiff 470 dollars. Motions for a new trial, and in arrest were denied, and judgment upon the finding, &c. The causes for a new trial are thus assigned: 1. The finding was unsustained by the evidence. 2. The Court erred in the admission of *Cyrus Ball* and others as witnesses over the defendant's objections. And in the mo-

tion in arrest of judgment, the cause alleged is, that "the complaint does not state facts sufficient to constitute a cause of action."

As no exception appears to have been taken to the admission of testimony, the second assigned cause is not available. The evidence is upon the record. Having examined it carefully, we are of opinion that it proves substantially the facts alleged in the complaint. Hence we are at once led to inquire whether the facts thus alleged and proved entitle the plaintiff to recover?

The appellants contend that in view of the case made by the plaintiff, the relator is not injured; that the levy upon the note, having been made without his consent, was illegal and void, and the sale of it transferred no title to the purchaser. His rights were not in any degree affected, because, notwithstanding the sale, he still had his right of action against the maker of the note. The answer to this is, that the note belonged to the relator, was as a pledge delivered to the constable, who under color of office, and in virtue of an execution then in his hands, levied upon and sold it, though it was not leviable property. In doing this, though the property was possessed by him as a pledge, he acted officially, and was plainly guilty of a misfeasance in office, for which he was liable on his official bond. And having thus sold the property, under an execution, it is not for him or his surety to say that that sale conferred no title on his vendee. It is true that *Butler*, in receiving the pledge of the note, was not acting within the scope of his official duties, and had he, in any way, converted it to his own use, his liability would have been merely personal; but in levying on and selling the property, he acted as constable, and that being the case, the purpose for which it was placed in his possession was not material.

Again, the condition of the bond in suit, recites that on

Butler et al. *v.* The State ex rel. McFatridge.

*April* 5, 1858, *Butler* was elected constable for the term of one year, and until his successor should be elected and qualified. It is, however, alleged that in *April*, 1839, he was re-elected his own successor, but failed to qualify by giving another bond, and taking the oath prescribed by law, and, as we have seen, the assigned breaches did not occur until *November*, 1854. Hence it is insisted that for these breaches no suit can be maintained on the bond. We think otherwise. The statute it is true, fixes the term of a constable's office at one year. 2 R. S. p. 480, sec. 1. But the constitution, Art. 15, sec. 3, declares that, "Whenever it is provided in this constitution, or by any law which may be hereafter passed, that any officer, * * * shall hold his office for a given term, the same shall be construed to mean that such officer shall hold his office for such term, and until his successor shall have been elected and qualified." 1 R. S. p. 68. This at once shows that *Butler* was legally in office when the assigned breaches are alleged to have been committed, and the surety, having in effect, stipulated in his bond, that *Butler* would faithfully discharge his duties, &c., for the term, and until his successor was elected and qualified, is very clearly, liable in this action. *Akers* v. *The State ex rel., &c.,* 8 Ind. 484; *Miller* v. *Burger,* 2 *id.* 337; *Tuly* v. *The State ex rel., &c.,* 1 *id.* 500.

The defendants, upon the trial, gave in evidence the execution, by virtue of which the note was levied on and sold, and also the constable's return thereon, which return is as follows: "*December* 2d, 1854, satisfied in full by the sale of a promissory note, given up by the defendant, on *Cyrus Ball,* to satisfy the within execution, and was sold to *John Spencer* for 420 dollars." In argument it is said that this return is conclusive that the note was given up by the relator to satisfy the execution. We do not so understand the law. A return to an execution is always conclusive against the officer who makes it, but as a general rule it is, as to other cases,

mere *prima facie* evidence of the facts which it recites. The case at bar is not an exception to the rule. *Gregg* v. *Strange,* 3 Ind. 366; 1 Ph. Ev., 4 Am. Ed., p. 521, note 146; 2 *id.* p. 363, note 383.

Other questions are raised in the appellants brief; but they involve points which do not appear to have been presented in any form, to the consideration of the Court below, and will not therefore, be noticed in this Court. The finding is, in our opinion, right on the evidence, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs, and 3 per cent. damages.

*A. W. Hubbard,* and *L. & W. O. Sexton,* for the appellants.
*Clark & Hackleman,* for the appellees.