Cochran *et al. v.* Nebeker *et al.*

---

## COCHRAN ET AL. *v.* NEBEKER ET AL.

PROMISSORY NOTE.—*Material Alteration.*—Suit on a promissory note, payable in a bank in this State six months after date, or before if made out of the sales of certain machines named, and having a condition annexed thereto that the same was not to be paid if sales of said machines were not made equal to the amount of the note within the time limited for the payment thereof.

*Held,* that if, after signing and delivery, without the knowledge or consent

of the maker, the condition was taken from the note, this was a material alteration.

SAME.—*Liability of Maker.*—The fact that such promissory note was payable at a bank in this State did not make the maker liable upon it, as thus altered, in an action thereon by an indorsee.

SAME.—*Presumption as to Who Made Alteration.*—*Pleading.*—When an instrument is altered after its execution, it will be presumed, until the contrary is shown, that the alteration was made by the party claiming under it, or by one under whom he claims; and it is not necessary, in an answer setting up that an instrument sued on has been altered, to allege that it was altered by the party claiming under it, or by one under whom he claims.

SAME.—*Burden of Proof.*—When the signing and delivery of an instrument sued on are admitted, but it is claimed in answer that it has been altered in a material part, the burden is on the defendant to prove its material alteration.

SAME.—*Alteration by Stranger.*—Where the alteration is shown to have been made by a stranger to the instrument, and is therefore a mere spoliation, the rights of the parties under the instrument as it was before the alteration will not be affected thereby.

SAME.—*Questions of Law and Fact.*—Whether an alteration is material or not is a question of law for the court. Whether the alteration was made or not, whether by consent or not, and whether fraudulently or not, are questions of fact.

From the Fountain Circuit Court.

*C. M. Ristine* and *G. McWilliams,* for appellants.

*L. Nebeker* and *S. M. Cambern,* for appellees.

DOWNEY, J.—Suit by the appellees, as indorsees, against the appellants, as the maker and the payee and indorser of a promissory note payable in a bank in this State. The note was payable six months after date, or before if made out of the sales of Drake's Horse Hay Fork and Hay Carrier.

The defendant Cochran, the maker, answered in three paragraphs:

1. A general denial.

2. That when the note was executed it had a condition annexed thereto, that the same was not to be paid if sales of said machines were not made equal to the amount of the note within the time limited for the payment thereof; that the writing sued on in this case is not the instrument he signed and delivered, for that the same has been altered, in this, that

the condition heretofore recited has been taken off, and that the same was done after the signing and delivery thereof, by some one to the defendant unknown, and without the knowledge or consent of the defendant.

The third paragraph of the answer is not materially different from the second. Both the second and third paragraphs were verified by the oath of Cochran.

On demurrer for want of sufficient facts, the court adjudged both the second and third paragraphs of the answer bad.

Drake was defaulted, Cochran withdrew his general denial, and there was judgment for the plaintiffs.

It is assigned as error that the court improperly sustained the demurrers to the second and third paragraphs of the answer.

As we understand the allegations of the paragraphs in question, the condition that the note was not to be paid unless sales should be made to the amount of the note, within the time that the note had to run, was legally a part of the note at the time of its execution, and that after the execution of the note, and without the consent of the defendant, this part of the note was detached, thus changing the note from one payable on a condition to one payable unconditionally. We think this was a material alteration of the note. Had the note remained as it is alleged to have been at the time of its execution, it would not have been a negotiable note, on account of its being payable only upon the happening of the condition, and the plaintiff, to recover on it, must have alleged and shown that sales had been made by the defendant to the amount of the note, as contemplated by the condition. If we should hold that the alteration was not thus material, the defendant would be compelled to set up as a defence, that he had not sold machines to an amount equal to the amount of the note, thus throwing upon him the burden of pleading and proving as a defence the fact that the sales had not been made, when the plaintiff should take upon himself the burden of alleging and proving that such sales had been made.

The fact that the note was payable at a bank, and therefore negotiable as an inland bill of exchange, cannot make the

defendant liable upon it, when it was altered in a material part after its execution by him, and without his consent. Few men would venture to sign such a note if any other rule prevailed.

It is urged, that if the alteration of the note was not made by a person having or claiming an interest under it, but by a stranger, the alteration would not affect the right of the party claiming under it. But conceding, without deciding, that the rights of the parties under the contract would not, in such case, be lost or changed, it does not follow that the action can be upon the contract in its new or altered form.

It is well settled, that a material alteration of an instrument after its delivery, by a party who claims the benefit of it, or by one under whom he claims, made without the consent of the party against whom it is sought to be enforced, renders it void. *Grimes* v. *Piersol*, 25 Ind. 246, and cases cited ; Leake Law of Contracts, 424. To this extent the law seems to be settled, without any difference of opinion. Formerly an immaterial alteration by the party claiming under the instrument rendered it void. We think it is also settled, without much difference of opinion, that where the instrument is altered after its execution it will be presumed, until the contrary is shown, that the alteration was made by the party claiming under it, or by one under whom he claims. Leake Law of Contracts, 424, 425, and cases cited.

Where the alteration is shown to have been made by a stranger to the instrument, and is therefore a mere spoliation, the rights of the parties under the instrument are not affected.

An immaterial alteration, no matter by whom made, does not affect the validity of the instrument or the rights of the parties.

An alteration is an act done upon the instrument by which the meaning or language is changed. The term is usually applied to the act of the party entitled under the instrument, and imports some fraud or improper design to change its effect, and therefore an alteration made by accident or mistake could not have the effect to avoid the instrument. The act of a stranger is

a mere spoliation or mutilation of the instrument, not changing its legal operation. 2 Greenl. Ev., secs. 565, 566; Chitty Con. 1169.

An alteration of a deed or instrument, by which an estate or interest has been vested, does not defeat or destroy the estate or interest vested. The difference is between executed and executory contracts.

Whether an alteration is material or not, is a question of law to be decided by the court. Whether the alteration was made or not, whether by consent or not, and whether fraudulently or not, are questions of fact for the jury. 1 Hilliard Con. 380, sec. 67.

In the cause under consideration, the paragraphs of the answer in question allege a material alteration of the note, after it was made and delivered. According to the law as above stated, it will be presumed, until the contrary is made to appear, that it was made by the party claiming under it, or by one under whom he claims, and hence it was unnecessary to allege that fact. When the cause comes to trial, as the defendant admits the signing and delivery of the note, it will be for him to prove its subsequent alteration, as alleged by him.

The judgment is reversed, with costs; and the cause remanded, with instructions to overrule the demurrers to the second and third paragraphs of the answer, and for further proceedings.

