## John Huck

*v.*

## Henry Flentye.

1. CONTRACT—*construction as to party walls.* An agreement by one erecting a building, that the owner of the adjoining lot may use one-half of the wall on the line at any time he may choose to build, in consideration of his permitting one-half of the wall to be built on his side of the line, does not obligate the one building, and his grantees, to rebuild such wall at his own expense, in case the same is destroyed by fire or otherwise.

2. PARTY WALLS—*each party liable for his proportion of cost.* A wall was built by the owner of a lot over the line, so as to have one-half on his lot and one-half on the adjoining lot, with the agreement that the owner of the adjoining lot might use the wall without any charge or cost whenever he chose to build on his lot. The wall was subsequently destroyed by fire, and the lot conveyed to another, who had no knowledge of this agreement. The two owners then agreed to build together, and did so, using the foundation of the former wall, and building their party wall thereon, without any express agreement as to who should pay for the party wall: *Held,* that each one was liable for the cost of his proportion of the wall, and the grantee of the builder of the former wall having built the new wall, was entitled to contribution from the other for his proportion of the cost thereof.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was assumpsit, by appellee against appellant, for certain building materials used in the construction of a building belonging to appellant, in the city of Chicago. Appellee had constructed, at the same time, a building adjoining to that of appellant, between which there was a single wall, used in common for both buildings. This wall was constructed by appellant, and, among other offsets claimed by him, he claimed that appellee was liable to him for one-half of the cost of the wall.

Prior to this, and on the 15th of May, 1866, the lot on which appellant's building is located belonged to one Adam Baierle, appellant's immediate grantor, and appellee then owned, as now, the lot on which his building is located. Baierle then was on the eve of building on his lot, but it seems appellee had no design to build until some time afterwards, whereupon the following instrument was executed by them:

" Whereas, the said party of the first part is about to erect a brick building on the southwest corner of North Clark and Michigan streets, in the city of Chicago, for the purpose of a store; and party of the second part owns the next lot south and adjoining the said Baierle, party of the first part; and it is mutually agreed between the parties, that the south wall of said Baierle's building shall be built as a party wall, standing on each of their lots alike, and alike from the bottom of the foundation to the entire height of said wall; and the said Adam Baierle hereby agrees to build the said party wall at his own expense, without any charge to Henry Flentye, party of the second part, in consideration that the said Henry Flentye, party of the second part, allows said Adam Baierle to build six inches on to his ground or lot; and it is understood and agreed between the said parties, that the said Flentye can use the said party wall at any time hereafter that he may wish to build; that he can use said party wall its entire height and length, from front to rear, being some eighty feet, more or less; and it is

mutually understood and agreed between the parties to this agreement, that it shall be binding on their heirs and assigns.

"In witness whereof the said parties have hereunto set their hands and seals, the day and year first above written.

"A. BAIERLE,   [seal.]

"H. FLENTYE."  [seal.]

This agreement was not put upon record, and appellant had no notice of it prior to the construction of the wall now in controversy. Baierle proceeded, shortly after the agreement, to construct his building, and in so doing built the wall between him and appellee, which was used by them as a party wall. The building was destroyed by the fire of October 8 and 9, 1871, and in the fall and winter following, the wall in controversy was constructed, resting on the foundations of the old wall.

The other facts sufficiently appear in the opinion of the court.

Messrs. NISSEN & BARNUM, for the appellant.

Mr. WILLIAM H. KING, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There is nothing in the agreement of the 15th of May, 1866, between Baierle and appellee, from which we are authorized to hold that all walls thereafter to be constructed between the lots should be governed by the terms of that agreement. It speaks of the wall as the south wall of a building then contemplated to be erected by Baierle on his lot. There is no undertaking that the wall is to be perpetually maintained as a party wall, nor is there any stipulation in regard to rebuilding it in the event of its destruction. The consideration which induced Baierle to incur the entire expense of its construction was, evidently, that he wanted to build then, while appellee did not. He was compelled to build a wall, either on his own ground or on his and appellee's jointly, to erect his building. Whether the wall was built then or not was of no consequence to appel-

lee. He had no motive for a present expenditure, and was, therefore, in a condition to say to Baierle: "I have no present need of this wall, and can not, therefore, pay anything to have it constructed. I may, or may not, want to use it in the future. Since, then, you must have it now, build it yourself; but if you will allow me the privilege of using it, when I choose to build, as a party wall, you may place it on the line, letting one-half rest on each lot." But this could have no application where both parties were equally interested in the building at the same time. In such case, it is obviously equitable that each party should contribute the same amount. The reasonable conclusion, then, is, that the agreement had reference solely to the wall then to be constructed. And *Sherred* v. *Cisco*, 4 Sanford, (S. C.) 480, *Orman* v. *Day*, 5 Florida, 393, *List* v. *Hornbrook*, 2 West Va. 342, cited by appellee's counsel, are authorities for the position that the destruction of the wall by fire, in the absence of express stipulation to the contrary, destroyed the easement created by the agreement.

It might be, indeed, that notwithstanding the agreement between Baierle and appellee had express reference only to the wall then to be constructed, still, that its terms could be taken as the measure of an implied agreement between appellant and appellee when the new wall was constructed. But to that end it would be essential that the parties had knowledge of those terms, and acted upon the assumption that they were obligatory. Of this there is not the slightest pretense in the proof. It is, on the contrary, proved that the agreement between Baierle and appellee was not recorded, and that appellant was not informed of it until after he had built the wall.

In our opinion, therefore, the agreement between Baierle and appellee is entirely outside of the case.

In the cases before referred to as cited by the counsel for appellant, it is held that where one party erects a wall, one-half on his own ground and one-half on that of the adjoining owner, without any agreement between them, and the adjoining owner subsequently builds and uses this wall for one wall of his building, he can not be made to contribute any part of

the cost of its erection. Considering the word "agreement," in its general sense, as including implied as well as express agreements, we think the doctrine contended for unobjectionable, and it then only remains to inquire whether appellant has proved an agreement, express or implied, in regard to the construction of the wall.

It is said in 2 Greenleaf's Evidence, § 107: "Where the act done [by one party] is beneficial to the other party, whether he was himself legally bound to have done it or not, his subsequent express promise will be binding; and even his subsequent assent will be sufficient evidence from which the jury may find a previous request, and he will be bound accordingly." And in the next section, 108, it is laid down that "it is not necessary to the plaintiff to prove an express assent of the defendant, in order to enable the jury to find a previous request; they may *infer it* from his knowledge of the plaintiff's act, and his silent *acquiescence*." See, also, 1 Saunders, (Williams' Notes, 1,) p. 264; 1 Selwyn's Nisi Prius, (2d Am. Ed.) 42; *De Wolf* v. *Chicago*, 26 Ill. 443; Chitty on Cont's, (11 Am. Ed.) 80 — note (s[1]).

It appears, from the evidence, that appellant and appellee were equally ready and anxious to rebuild. The wall was as much a necessity for appellee as it was for appellant. It was built at the same time appellee's building was, and appellee has had the same benefit of it that appellant has had. That appellee was ignorant of its being built is not pretended. The same architect made the plans for both buildings. Appellee was often present as the work progressed, and, at his request, work on the wall was delayed, to give him time to put in his joists.

Appellee says, that he never agreed to build any part of the wall or pay for its being built, and much stress is laid on this. Suppose that he did not. Appellant never agreed to build his part for him and release him from liability. He knew the wall had to be built to enable him to complete his building, and that it had to be paid for. He did not forbid its construction or give notice that he would not be liable, and he had

agreed that they would build together. The wall was expressly built for the use of both buildings, and, as we understand the cases cited by appellant's counsel, herein it differs from those. Appellant did not here first erect his building, constructing one-half of this wall on appellee's property without any agreement in regard thereto, and appellee *afterwards* erected his building, but *both buildings* were erected, substantially, *at the same time.*

We are, for the reasons given, of opinion that the court below erred in disallowing appellant's claim for contribution on account of the building of the wall.

The judgment is reversed and the cause remanded.

*Judgment reversed.*