The State, *ex rel.* Jackson Township, *v.* Berg *et al.*

---

THE STATE, EX REL. JACKSON TOWNSHIP, *v.* BERG ET AL.

PRACTICE.—*Assignment of Error.*—An exception taken to conclusions of law on a special finding of facts is not available, unless error is assigned upon it.

OFFICE.—*Township Trustee.*—A township trustee who was elected at the April election in 1867, and who qualified and gave bond, and who was elected his own successor at the April election in 1868, but who did not then give a new bond, did not thereby vacate the office, and he was entitled to hold it until his successor was elected and qualified.

SAME.—*Official Bond.*—*Sureties.*—The sureties upon the bond of a township trustee, elected in 1867, were bound to know that his right to the office might extend beyond the year, and they bound themselves for whatever time he might continue in office by virtue of such election.

OFFICIAL BOND.—*Immaterial Alteration.*—The conditions of the bond of a township trustee elected and qualified in 1867 recited, when signed by the sureties, that he should correctly account to the board of commissioners at its March term, 1868; but either before or after it was accepted and approved by the auditor of the county, the deputy auditor altered it by inserting the word and figures "1869 and 1870" after the figures 1868.

*Held,* that the alteration was not a material one, and, having been made by a stranger, would not have discharged the sureties if material.

SAME.—*Alteration by Stranger.*—An alteration made by a stranger to an instrument, without the participation of a party interested, is a mere spoliation, and the rights of the parties are not affected.

SAME.—*Spoliation of Bond by Legal Custodian.*—The alteration of an official bond by an officer or his deputy, who is by law the mere custodian of it, will not destroy the validity of the bond.

From the Wayne Circuit Court.

*H. C. Fox,* for appellant.

*J. P. Siddall* and *T. J. Study,* for appellees.

The State, *ex rel.* Jackson Township, *v.* Berg *et al.*

WORDEN, J.—This was an action by the appellant against the appellees, Berg and his sureties, upon the official bond of Berg as trustee of Jackson township.

The first paragraph of the complaint alleged, in substance, that at the April election, 1867, Berg was elected trustee of the township, and, with his sureties, executed the bond in question, took the oath, and entered upon the duties of the office ; that at the April election for the year 1868, and also for the year 1869, he was elected his own successor ; but that he took no new oath, and filed no new bond, in virtue of either of the last mentioned elections, but on the contrary, by virtue of the election of 1867, he continued to discharge the duties of the office until the — day of March, 1871 ; that when he ceased to be such trustee, he had in his hands, as such, thirteen hundred and fifty-two dollars and sixty-six cents of township funds, five hundred and thirty dollars and nineteen cents road tax fund, sixty-one dollars and ninety-five cents special school tax funds, and fifty dollars dog tax funds, all of which had come to his hands as such trustee by virtue of his election, etc., in 1867 ; that John Richey succeeded Berg in the office on the — day of March, 1871 ; and that Berg has failed and refused to pay over to him the money aforesaid, or any part thereof.

The condition of the bond as set out is as follows :

" The conditions of the above obligation are such, that whereas the above bound David N. Berg was at the township election of Jackson township, in said county, on the 1st day of April, 1867, duly elected trustee of said township of Jackson. Now, if the said David N. Berg shall well and faithfully discharge the duties of said office according to law, shall faithfully collect and receive all moneys belonging to said township, expend the same as required by law for township, road, school, and school-house purposes, and correctly account to the board of commissioners of Wayne county, at its March term, 1868, 1869, and 1870, for all receipts and expenditures of township moneys, and shall promptly deliver up to his suc-

cessor in office all books, papers, and vouchers belonging to said office, and pay over to him all moneys belonging to said township, then the above obligation to be null and void; otherwise to remain in full force."

An amended second paragraph of complaint was filed, substantially like the first, with the following additional averments, viz.:

" Which said bond was in the words and figures of the bond herewith filed, except the figures ' 1869 and 1870 ' were not then in said bond. But the plaintiff says that after the said bond had been signed by the said defendants, and returned into the auditor's office of said county, to wit, on the 10th day of April, 1867, the figures ' 1869 and 1870 ' were inserted in said bond by David Williams, without the knowledge or consent of the auditor of said county, he, the said Williams, then being deputy auditor, and believing in good faith that the General Assembly of the State of Indiana had, at the session thereof which had adjourned but a few weeks before, enacted a law making the duration of the office of all township trustees extend three years from the filing of their bonds and taking the oath required by law ; wherefore said plaintiff says that the insertion of the figures hereinbefore set out was made by said Williams innocently and without any fraudulent intent, without the knowledge of said auditor, and because he thought they " (the bond?) "would be more in accordance with the law which he supposed had been passed, and said bond was afterward endorsed by said auditor ' accepted and approved.' "

A demurrer for want of sufficient facts was filed to each paragraph of the complaint, and overruled as to the first, but sustained as to the second, each party excepting.

The defendants filed a fourth paragraph of answer to the first paragraph of the complaint, alleging " that on the 1st day of April, 1867, the said David N. Berg was, at the township election for Jackson township, duly elected trustee thereof, and that on the 10th day of April, 1867, filed in the auditor's office of Wayne county his official bond, an exact copy of which is

filed herewith and made a part hereof, and marked 'copy of bond,' with the other defendants in this suit as sureties on said bond, which bond was duly acknowledged by said defendants before N. W. Miner, a notary public of said Wayne county, and accepted by Sylvester Johnson, then the auditor of said county, as the official bond of said Berg, on said 10th day of April, 1867. The defendants aver that at the time they executed said bond, and at the time the same was delivered to and accepted by said auditor as aforesaid, the condition of said bond was exactly the condition in the copy of the bond herewith filed, and not otherwise; and that after said bond had been executed and delivered by the said defendants to the said auditor, and without the knowledge or consent of said defendants, the condition of said bond was changed and altered so as to make it appear and read as it does in the copy filed with the complaint herein; that is to say, that after the words and figures 'March term, 1868,' in the body of the condition of said bond, the dates and figures 1869 and 1870 were added immediately after said date 1868, so that the condition of said bond, after being thus changed, required said Berg, as such trustee of said Jackson township, to account to the commissioners of Wayne county at their March terms, 1868, 1869, and 1870. The defendants aver that at the April elections in the years 1868, 1869, and 1870, the said defendant Berg was, at each of these elections, elected trustee of Jackson township, but never gave any other or additional bond than the one executed by him and the other defendants herein."

The copy of the bond filed with this paragraph of answer is the same as that filed with the complaint, except that the figures and word "1869 and 1870" are not contained therein after the words and figures "March term, 1868."

The plaintiff filed a demurrer for want of sufficient facts to this paragraph of answer, but it was overruled, and an exception taken.

Issues were made up, and the cause was tried by the court, who found the facts specially.

The facts found by the court seem to be sufficient to have

entitled the plaintiff to recover the sum of eighteen hundred and ten dollars, unless the alteration of the bond rendered it void. But the court found, as a conclusion of law, that the alteration of the bond rendered it invalid and not binding on the defendants, and therefore found and rendered judgment for the defendants.

The plaintiff excepted to the conclusions of law, but there is no assignment of error upon the conclusions; hence, the correctness of the conclusions is not properly questioned here. *The Montmorency Gravel Road Co.* v. *Rock,* 41 Ind. 263; *Cruzan* v. *Smith,* 41 Ind. 288.

But the question involved arises upon the pleadings hereinbefore noticed, and is presented by assignments of error upon the rulings of the court in sustaining the demurrer to the amended second paragraph of the complaint, and in overruling the appellant's demurrer to the fourth paragraph of answer.

The appellees, however, have assigned a cross error upon the ruling of the court in overruling the demurrer to the first paragraph of the complaint, and it will be proper to consider the question thus raised before proceeding further. The objection made to this paragraph applies equally to the second. The appellees claim that as Berg, having been elected his own successor in April, 1868, failed to give bond within ten days after the commencement of his new term of office and the receipt of his certificate of election, the office became vacant, and that the appellees are not responsible on the bond for any defalcation of his thereafter committed. This proposition is based upon the following statutory provision in the "act touching official bonds and oaths :"

"If any officer of whom an official bond is required shall fail, within ten days after the commencement of his term of office and receipt of his commission or certificate, to give bond in manner prescribed by law, the office shall be vacant." 1 G. & H. 164, sec. 9.

If the office is to be regarded as having become vacant, in the full sense of that term, upon the failure of Berg to give the new bond within the time required, the proposition of the

appellees would seem to be correct; for a bond given to secure faithful official conduct cannot be made to extend to conduct after the officer ceases to be such.   But we have the following constitutional provision, viz. :

" Whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean, that such officer shall hold his office for such term, and until his successor shall have been elected and qualified." Const., art. 15, sec. 3.

The act of the legislature under which Berg was elected provides, that the trustee " shall hold his office for one year, and until his successor is elected and qualified." 1 G. & H. 637, sec. 5.

Under the constitution, as well as under the law fixing the term of Berg's office, it is clear that he was entitled to hold the office, not only for the year, but until his successor was elected and qualified.   As long as he continued in the office, his successor not having been elected and qualified, he was such officer, not *de facto* merely, but *de jure*.   The constitution and the law under which he was elected, enacted in pursuance of the constitution, made him such.   The case stands on no other ground than it would if some other person had been elected as Berg's successor in the years subsequent to his first election, but had failed to qualify.   This was decided in the case of *Butler* v. *The State*, 20 Ind. 169.

The counsel for the appellees think the case just cited was wrongly decided, and should be overruled; but it seems to us to have been correctly decided.   Indeed, keeping in view the provisions of the constitution, we do not see how it could have been decided otherwise.   If section 9 of the act touching official bonds and oaths, above set out, is in conflict with the constitution, it must fall.   We are not called upon in this case to determine whether any, and if so what, construction may be put upon that section, which will make it harmonize with the constitution.   It is sufficient for the purposes of this case to

follow the plain provision of the constitution, which entitled Berg to hold the office, not for the year merely, but until his successor should have been elected and qualified. The sureties upon his bond were bound to know that his right to the office might extend beyond the year, and they bound themselves as his sureties for whatever time he might continue in the office by virtue of the election of 1867, recited in the condition of the bond, whether that should be a year only or more. The point made on the cross error assigned is not, in our opinion, well taken.

We proceed to the consideration of the questions involved in the rulings on the demurrers to the amended second paragraph of complaint, and to the fourth paragraph of answer. The questions presented by each of these rulings are substantially the same, and they may be considered together, noting some slight differences between them.

The alteration of the bond stated in the paragraph of complaint and that alleged in the fourth paragraph of answer are the same. It consists in the insertion of the word and figures "1869 and 1870" after the words and figures "March term, 1868;" thereby so changing the letter of the bond as to require Berg to account to the board of commissioners at their March term, 1869, and 1870; whereas, as the bond read before the change, he was only required to render such account at the March term, 1868. The paragraph of the complaint alleges that the alteration was made by the deputy auditor after the bond had been signed by the defendants and returned into the auditor's office, but before it had been indorsed by the auditor "accepted and approved."

The paragraph of answer alleges that the alteration was made after the bond had been delivered to and accepted by the auditor, but does not allege by whom it was made. The counsel for the appellees, in their brief, say:

" The fourth paragraph of the answer does not allege in express terms by whom this alteration was made, but the law makes the auditor and his deputy the legal custodians of such bond, and if it was altered while in the possession of its legal

custodian, it would be presumed, in the absence of any allegation or proof to the contrary, that such alteration was made by such custodian."

Conceding, as is thus claimed by the appellees, that the paragraph of answer may be regarded as showing, by presumption, that the alteration was made by the auditor or his deputy, the only difference in the case as shown in the paragraph of complaint and the fourth paragraph of answer is this, that one alleges the alteration to have been before, and the other after, the bond had been accepted and approved by the auditor. But we do not see as this difference is in any way material, so far as the legal effect of the alteration is concerned.

On the facts as stated in the pleadings, two questions arise, viz. : First. Was the alteration a material one, such as would, if made by a party interested, invalidate the bond? Second. If the alteration was a material one, but having been made by the auditor, the custodian of the bond, or his deputy, is the bond thereby rendered invalid? These questions, we think, after careful consideration, must both be answered in the negative.

First, as to the character of the alteration. It is well settled that an immaterial alteration, that is, one that does not in any way vary or change the legal effect of an instrument, does not render it invalid, by whomsoever the alteration may have been made. There are numerous authorities upon this point. See 2 Parsons Con., 6 ed., p. 720, and notes ; *Cochran* v. *Nebeker*, 48 Ind. 459. Now, it seems to us to be clear that the addition to the bond of the word and figures " 1869 and 1870 " in no manner whatever changed the legal effect of the bond. We inquire, what was the legal effect of the bond with the word and figures indicated left out ? The statute in relation to the bonds of the township trustees does not prescribe the form of the bond, but provides that it shall be " conditioned as in ordinary official bonds." 1 G. & H. 637, sec. 5. But section 10 of the act touching official bonds and oaths (1 G. & H. 164) is as follows :

"All official bonds shall be payable to the State of Indiana,

and every such bond shall be obligatory to such State upon the principal and sureties for the faithful discharge of all duties required of such officer by any law, then or subsequently in force, for the use of any person injured by any breach of the condition thereof."

Section 12 of the same act also provides, that " no official bond shall be void because of defects in form or substance, or in the approval and filing thereof; but upon the suggestion of such defects, such bond shall be obligatory as if properly executed, filed, and approved."

Another statutory provision, found in 2 G. & H. 333, sec. 790, may have some bearing upon the question :

" No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, or recital, or condition, nor the principal or surety be discharged ; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance."

Thus it is seen that an official bond, whatever defect there may be in its form, is obligatory upon the principal and sureties " for the faithful discharge of all duties required of such officer by any law," etc.

Among the duties of a township trustee, it is provided that he shall annually, on the last Saturday in February, settle with and audit the accounts of supervisors of roads in his township, and shall, within five days thereafter, make to the board of county commissioners a complete report of the receipts and expenditures of his township during the preceding year, etc.    It is also made his duty, it may be observed, to deliver to his successor, at the expiration of his term, all moneys, books, and papers belonging to his township.    1 G. & H. 638, 639, secs. 11 and 12.

Now, without the stipulation in the bond that Berg should account to the board of commissioners at their March term,

1868, it was his duty to make the report required by the statute. His obligation to make the report grew out of the statute making that his duty, and not out of the fact that it was "so nominated in the bond." The duty to make the report derived no additional force from the terms of the bond; for, as we have already seen, the bond, without regard to its form, was obligatory upon the principal and sureties for the faithful performance of all the duties required by law of the trustee. Without the word and figures "1869 and 1870," and, indeed, without any provision on the subject, it would have been the duty of Berg, holding the office, as he was, by virtue of his first election, to have made the report required by law for the years 1869 and 1870. For a breach of this duty, he and his sureties would have been liable on his bond. On the other hand, if Berg had qualified and given bond under his election in the year 1868, it is clear that he and his sureties on the bond in suit could not have been held liable for his failure to make the report for either of the years 1869 or 1870. The addition to the bond before mentioned could not have made them thus liable. In other words, the bond in suit, with the addition made to it, could not have been held as obligatory upon Berg or his sureties for the faithful discharge of his duties after his term had ended, and he had qualified and given bond under his new election. It seems to us, therefore, that the alteration made was wholly immaterial, and did not in any way change the legal effect of the bond.

We come to the other question. Where an alteration is made by a stranger to the instrument, without the participation of the party interested, it is a mere spoliation, and the rights of the parties are not affected. 1 Greenl. Ev., sec. 566; *Cochran* v. *Nebeker, supra.* The bond of a township trustee is required to be filed and kept in the auditor's office. 1 G. & H. 637, sec. 5. He becomes, therefore, its custodian, but he does not thereby become any more a party than if it were not filed in his office, or any more than any other stranger. There is no more reason why a spoliation by him or his deputies should destroy the validity of a bond thus placed by

the law in his custody, than there is that a spoliation by any other stranger should have that effect.    The parties for whose benefit official bonds are given, as also the bonds of executors, administrators, guardians, etc., have no voice as to the place of their custody.    The law fixes that.    The custodian can in no sense be regarded as the agent of the parties interested.  It would be a startling doctrine to hold that the legal custodians of the various official and other bonds, required by law to be given, could release the obligors by making material changes in the bonds.    In the case of *Rees* v. *Overbaugh,* 6 Cow. 746, it was held that the spoliation of an agreement in writing by a person, to whom both parties had intrusted it for safe-keeping, did not destroy it.    Much less should the spoliation by a person whom the law provides as a custodian work such destruction.

We think, for the foregoing reasons, that the alteration was an immaterial one, and did not destroy the validity of the bond ; but that if the alteration had been material, it was made by a stranger to the bond in the sense of the law, and was, therefore, a mere spoliation which did not affect its validity.

It follows that the court below erred in sustaining the demurrer to the amended second paragraph of complaint, and in overruling the demurrer to the fourth paragraph of answer.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.