## HEMSTREET v. KUTZNER, ADM'R.

CHATTEL MORTGAGE.—*Action Against Subsequent Purchaser.—Alteration of Record.—Pleading.*—In an action by the holder of a duly-recorded chat-

tel mortgage on certain growing crops, against a person who is alleged to have unlawfully seized upon and carried away such crops, an answer, alleging an alteration of the record of such mortgage, so as to change the date of the maturity of the mortgage debt, is insufficient.

SAME.—*Levy.—Judicial Sale.*—Where, in such action, the defendant claims the mortgaged property by virtue of a judicial sale of the same, on an execution issued on a judgment rendered subsequent to the date of such mortgage, an answer, alleging that the mortgagee had not accepted such mortgage until after the mortgaged' property had been levied on under such execution, is sufficient.

From the DeKalb Circuit Court.

*J. I. Best*, for appellant.

*J. A. Woodhull* and *J. Morris*, for appellee.

BIDDLE, C. J.—The complaint of Jeremiah Hemstreet, against Christopher Cool, avers the following facts, which we state briefly :

That, on the 30th day of May, 1870, Jotham Woolsey made his note to Henry Frick, for five hundred and sixty-one dollars and sixty-six cents, and on the same day executed a mortgage on certain growing crops, to secure the · payment of the note; that the mortgage was duly recorded within ten days, and the note and mortgage assigned by written endorsement to the plaintiff.

That, before default by the mortgagor, the defendant, with notice of the plaintiff's rights, wrongfully took possession of the said growing crops, and converted the same to his own use, and that the note is still unpaid.

Cool answered. 1. The general denial; 2 and 3. By special paragraphs.

Demurrers were overruled to paragraphs 2 and 3 of the answer, upon the ground that each of them stated .facts sufficient to constitute a defence. Exceptions to these rulings were reserved, and they present the only questions in the case. Judgment.

The appellee defends the case as the administrator of the estate of Cool, who is since deceased.

The second paragraph of the answer sets out the note and mortgage described in the complaint, and avers, that

the indebtedness expressed in the note was not payable on the 22d day of November, 1872, as stated in the note, but was payable on the 22d day of November, 1871; that Woolsey procured the recorder to alter the record of the mortgage so as to make it secure the debt, payable on the 22d day of November, 1871, instead of 1872, as the mortgage had been recorded.

That the defendant, on the 2d day of June, 1871, recovered a judgment before a justice of the peace, against Woolsey, for one hundred and nineteen dollars, and costs, and, on the 12th day of June, 1871, caused execution to be had of the same, by levying upon and selling the property described in the mortgage, which he purchased, and thereby became the owner and took possession of, as he lawfully might do.

. The note and mortgage described in the complaint were made on the 30th day of May, 1871. The judgment set up in the second paragraph of answer, under which the defendant below claimed to hold the property, was rendered on the 2d day of June, 1871, three days after the note and mortgage were made. At what time the cause of action upon which the judgment was rendered accrued, is not shown, and we cannot presume that it existed at any earlier date than that of the judgment. The mortgage, therefore, was a lien upon the property before the judgment was rendered, and as far as the answer shows, before the cause of action accrued. In this state of facts, the purchaser of the property under the judgment took it subject to the mortgage lien.

The alteration of the record by the recorder, as it is alleged, was harmless. It does not appear but what it was made by the consent of all parties concerned, for the purpose of correcting a mistake. And whether the debt secured by the mortgage was due November 22d, 1871, or 1872, will not affect the lien upon the property in controversy. *The State, ex rel., etc., v. Berg,* 50 Ind. 496.

We think the court erred in holding the second paragraph of the answer sufficient.

The third paragraph of the answer sets up the same judgment as that stated in the second, and the purchase of the property in controversy under it, by the defendant below, and avers, that Frick, the mortgagee, never accepted the mortgage until after the property in dispute had been seized and levied upon under the judgment.

This we believe to be a good answer. The mortgage was not valid, as against the purchaser under the judgment, until accepted by the mortgagee, and, if not accepted until after a levy upon the property had been made, would lose its precedence as a lien.

The judgment is reversed, with costs, and the cause remanded, with instructions to proceed according to this opinion.