D. D. SANDERS *v.* SARAH MARTIN and GEORGE SMALZ-
REID.

PARTY WALL. *Owner's contribution.* One owner of a party wall, who has
made additions to it for his own convenience, is entitled to contribu-
tions from the co-owner, who afterward uses the additions, to the ex-
tent of one-half the value of the additions at the time they are thus
used.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R.
J. MORGAN, Ch.

McFARLAND & GOODWIN for complainant.

METCALF & WALKER and W. M. RANDOLPH for
defendants.

COOPER, J., delivered the opinion of the court.

Both defendants demurred to the complainant's bill.
The demurrer of the defendant, Martin, was overruled,
and she appealed. The demurrer of the defendant,
Smalzreid, was sustained, and the complainant appealed.
The complainant and defendant Martin own adjoining
lots in the city of Memphis, each fronting twenty-five
and running back one hundred feet, on which build-
ings have been erected for more than twenty years,
with a party wall between them, half on the land of
one and half on the land of the other. The houses
were two stories high, without any cellar. In the
latter part of the year 1867, complainant erected a

three story brick house on his lot, using the party wall, and raising it one story higher. He also, with the consent of the defendant, Martin, dug a cellar to his house, which necessitated underpinning the party wall by a wall of the same thickness, one-half on his lot and the other half on the lot of defendant, Martin. Complainant expected that when defendant came to use the cellar and raise her house higher, she would contribute one-half the actual cost of these improvements. "Such has been," he says, "the universal custom as to party walls and owners of adjoining lots for a long period of time in Memphis, until it has grown to be a custom in its full technical sense." In the year 1872, the bill being filed on the 5th of February, 1873, the defendant, Martin, by her tenant, Smalzreid, had erected a four story brick house on her lot, digging out the cellar, and raising the party wall higher than it was before, using the whole of the party wall, both below and above ground, and they are both now in the use and enjoyment of said wall.

Complainant is informed that defendant, Smalzreid, has a lease from defendant, Martin, and has, perhaps, dug the cellar and built the house. Complainant does not know whether or not there is any stipulation in the contract of lease, determining which of them should account for the half of the wall so used, and he calls for a discovery as to this matter.

Complainant asks for a decree against one or both defendants for a proportionate contribution to the expense of the additions to the party wall made by him, and used by defendants.

The case made by the bill is, in substance, that the complainant owning a lot in Memphis and having a right of easement in a party wall resting one-half on the adjoining lot, by a user of twenty years, extended the wall above and below for his own convenience, with the consent of the owner of the adjoining lot, and now seeks contribution from such owner who used the extension by improvements on his lot.

The common law is singularly obscure on this subject, and the decisions few, conflicting, and unsatisfactory. It seems certain that the common law does not recognize the right of the owner of land to compel the owner of an adjoining lot to build a party wall, nor can either demand contribution from the other for a wall erected, in whole or in part, on the land of such other person, nor for any incidental benefit the latter may derive from a wall erected entirely on the land of the builder. *Sherwood* v. *Cisco*, 4 Sandf., 480; *Orman* v. *Day*, 5 Fla., 385; *Abraham* v. *Krautler*, 24 Mo., 69. If the two adjoining owners build a wall partly on each lot, and, by agreement or by continuous use for twenty years treat it as a party wall, each has an easement of support for his half. *Webster* v. *Stephens*, 5 Duer., 553.

In England, after long use, the presumption is that the land on which the wall stands belongs to the adjoining owners in moities as tenants in common, but the presumption may be rebutted by showing the actual ownership of each. *Whitshine* v. *Sidford*, 8 B. & C., 259, note; *Corbett* v. *Porter*, 8 B. & C., 257. The inclination of the American Courts, it is said, is

to treat the parties as owners in severalty. *Sherwood* v. *Cisco*, 4 Sandf., S. C., 480. This is the case made by the bill. In such case each owner acquires an easement of support by the party wall so long as it stands, which the other may not weaken or destroy. *Brown* v. *Windson*, 1 Crompt., & J., 20; *Dowling* v. *Hemmings*, 20 Ind., 179; *Partridge* v. *Gilbert*, 15 N. Y., 639. If the wall become ruinous or unsafe, the weight of authority is that one may rebuild, and compel the other to contribute. *Campbell* v. *Mesier*, 4 Johns Ch., 334; *Partridge* v. *Gilbert*, 3 Duer., 184; S. C. 15 N. Y., 601; *Brooks* v. *Carter*, 50 N. Y., 639. If the wall is destroyed by fire, the rule seems to be otherwise. *Sherwood* v. *Cisco* and *Orman* v. *Day*, at *supra*. Unless the two proprietors build at the same time, in which case it has been held that the one who builds the party wall may recover from the other a moiety of the costs. *Huck* v. *Flentye*, 80 Ill., 258.

Each owner of a party wall may carry up or underpin the wall, certainly with the consent of the other owner, but at his own expense. *Campbell* v. *Mesier*, 4 Johns. Ch., 334; *Eno* v. *Del Vecchio*, 4 Duer and 6 Duer, 17; *Bradbee* v. *Christ's Hospital*, 4 Mann. & G., 714, 761; *Matts* v. *Hawkins*, 5 Taunt. 20.

The authorities stop short of the case before us, and that is whether, after the wall has been underpinned and raised in height by one for his own convenience, he can claim contribution from the co-owner when the latter actually uses these additions. In the forum of conscience, the answer would at once be that

the latter ought to pay the former for the benefit re-
ceived by his labor and expenditure.    The argument
of the learned counsel for the defendants is, that this
court is governed by the law, not by principles of
abstract right; that the defendant owns the soil to the
center of the earth, with the right to build thereon
*ad libitum*; that the defendant is entitled to treat any
erection made by a third party on his own land as
his own, and, in fine, that the client stands upon the
letter of the law, and claims all he can get.    Un-
doubtedly courts of justice administer the law, not the
rules of moral duty, though fortunately the two often
go together in a court of equity.    If one owner can
rebuild a party. wall which has become dangerous, and
compel contribution, it is clearly upon the equitable
and moral principle that the expenditure is for the
benefit of both, and that the right of easement is a
sufficient basis upon which to justify interference and
raise an implied contract.    The same basis exists where
a wall is added to and actually used.    If both of
these parties had dug their cellars and added an ad-
ditional story to their houses at the same time, al-
though only one of them built the addition to the
party wall, a promise by the other to pay for a
moiety of the wall would be implied, as was expressly
held in *Huck* v. *Flentye,* 80 Ill., 258.    Is there any
reason in law why the same implied promise would
not arise where, after the addition had been made by
one, the wall was used by the other?    The relation
of the parties created by the joint easement in the
common wall would seem to be as efficient in the case

of an addition to the wall, as in the case of rebuilding the same wall. And there is no authority to the contrary. It has been held that one owner was entitled to such contribution from an adjoining proprietor where, after a parol contract, void by the statute of frauds, had been entered into between them for the erection of a common wall, the latter refused to proceed, and the former completed the erection. *Rindge* v. *Baker*, 57 N. Y., 209.

The language of Reynolds, C. J., in that case, p. 224, is very much to the point. "Another objection," he says, "is made against the propriety of the judgment of the Supreme Court in this case, that there is no precedent for it, and that it is the very first of the kind known to the law. While I do not quite agree to the fact as alleged, I am yet willing to assume that there is no case reported in the books which affords an exact precedent for the judgment I am prepared to give. Where precedents are reasonable, they furnish a safe guide to follow; and where they are unreasonable, as it is not uncommon, a delicate and difficult question is often presented. But where there are no precedents that appear to be binding upon the conscience of a court, the demands of justice require that, in a proper case, one should be made. It is possible that a case precisely like this has never before arisen, but if any shall hereafter arise it may as well be understood that the party is not without an adequate remedy in the courts."

Upon the case made in the bill, if established by the testimony, the complainant is entitled to relief.

Sanders v. Martin.

The measure of relief, however, is not the cost of the additions to the wall, but the moiety of the value of the additions at the time they were actually used by the defendants. They might never have been used, in which case no contribution whatever could be had. They might have been erected when the work was, for some reason, exceptionally costly, and used when the work could have been done at half price, or when the wall itself had become dilapidated by time. The defendant cannot be called upon to pay more than half the value of the wall when used.

The bill shows that the cellar has been dug, and the height of the house on the lot of defendant Martin raised by the defendant Smalzreid. It may be that the lessee has, as suggested by the bill, agreed to assume the liability to complainant by reason of the use of the wall. This court has held at the present term that a creditor of the vendor of land may hold the vendee liable directly upon his verbal assumption of the vendor's debt to the creditor in consideration of the purchase, and this without any promise to the creditor. *Moore* v. *Stovall*, the same case reported in 1 Tenn. Leg. Rep., 153. This case, so far as the tenant is concerned, seems to fall within the principle of that case. And at any rate, it is proper that the facts should be brought out by the discovery asked.

The decree of the Chancellor will be affirmed as to defendant Martin, and reversed as to the defendant, Smalzreid. The defendants will pay the costs of this court. Cause remanded.