McCord v. Herrick.

---

## Ira McCord, Trustee, etc.

### v.

## Lavinia A. Herrick et al.

1. PARTY WALL—CONTRIBUTION.—Where one party erects a wall one half on his own ground and one half on that of the adjoining owner without any agreement either express or implied for a contribution by the latter to the former in relation thereto, and such adjoining owner subsequently builds and uses such wall for one wall of his building, he can not be made to contribute any part of the cost of its erection. The bill filed in this case is defective in that there is no allegation of any agreement for such contribution.

2. SAME.—It is no sufficient answer that the alleged agreements were not in the complainant's possession or accessible to him, and therefore that it was impossible for him to state their terms. It was incumbent on him to at least show by some proper averment that they contained provisions giving him some title to relief.

Appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding. Opinion filed March 8, 1886.

Messrs. Holden & Farson, for appellant; as to equitable contribution, cited Eno v. DeVecchis, 4 Duer, 60; Cubitt v. Porter, 8 B. & C. 257; Wiltshire v. Sidford, 8 B. & C. 259; Campbell v. Mesier, 4 Johns. 334; Day v. Caton, 119 Mass. 513; Huck v. Flentye, 80 Ill. 262.

Mr. Melville W. Fuller and Mr. W. M. Booth, for appellees; cited Sherred v. Cisco, 4 Sandf. 480; Partridge v. Gilbert, 15 N. Y. 601; Preiss v. Parker, 67 Ala. 500; Automarchi v. Russell, 63 Ala. 356.

Bailey, P. J. This was a bill in chancery brought by Ira McCord, as trustee, under the last will and testament of John McCord, deceased, against Lavinia A. Herrick, both in her own right and as guardian of Elijah W. and Sarah L. Herrick, and against said Elijah W., and Sarah L. and Anna M. Herrick, to recover one half the cost or value of a party wall.

The bill alleges that, on the 12th day of October, 1866, the defendants became the owners, by descent from Elijah W. Herrick, deceased, of a lot twenty feet front and one hundred and eighty feet in depth, known as No. 103 Lake street, Chicago ; that on the 6th day of April 1866, Jason McCord became the owner by purchase of a lot of like dimensions adjoining the defendants' lot on the west, and known as No. 105 Lake street; that Jason McCord afterward died intestate, leaving John McCord his only heir at law, and that by the last will and testament of John McCord, the complainant, on or about January 1, 1876, became vested with the title to said lot 105, as trustee under said will; that prior to October 9, 1871, there was situated on said lots adjoining brick buildings which were on that day destroyed by fire ; that for more than twenty years prior to that date, there had been on the line between said lots, a wall, that during all that period had been used as a party wall, except that for a small part of the time said

McCord v. Herrick.

wall had been removed in the first story of the buildings and posts substituted therefor, and the first story of both buildings used as one store by a tenant of the respective owners; that said lots are long and narrow, and in a part of the city where they are suitable for business purposes only, and where great height is required in buildings to get space for merchandise, and also where wide buildings are more desirable than narrow ones, and where it has become customary and necessary to use party walls in order to make advantageous use of the property.

The bill further alleges that, since the destruction of said buildings by fire, and on or about September 1, 1876, the complainant erected a brick store on lot 105, having its east wall on the line between said lots and standing one half on each lot, such building being suitable for the only use to which said lots could be profitably put; that afterward and on or about January 1, 1878, the defendants erected a brick building on lot 103, and in so doing made use of the party wall erected by the complainant, and refused to pay the complainant for any part of the cost or value of said wall; that the cost and value of said wall at the time it was used by the defendants, was $4,544, and that in equity the defendants should pay the complainant one half of that sum; that prior to October 9, 1871, there existed of record or otherwise, a party wall agreement concerning the erection, maintenance and re-erection of a party wall upon the line between said lots, which is binding upon said lots and the owners thereof; that by said fire of October 9, 1871, the public records of Cook county were destroyed, and whatever agreement concerning said party wall shown by said records was destroyed, as also whatever agreement there might have been in the possession of the custodian of the title papers and documents relating to said lot 103, and the complainant believes and charges that the defendants or some of them have some agreement concerning such party wall, and that if they would produce the same, it would appear that they should make fair and just recompense to the complainant for the use of said party wall; that among the agreements made between the owners of said lots, was an agreement contained in a certain deed dated August 5, 1842, and recorded in the

office of the recorder of Cook county, executed by Thomas
Dyer to Sylvester Willard, the former then owning lot 105
and the latter lot 103, which deed was about and concerning
the brick wall upon the line between said lots; that the agree-
ment therein contained provided that a brick wall which was
situated on said line should be a party wall, and also that the ·
title to the land whereon the same was standing should not be
conveyed by said deed; that said Willard is a remote grantor
of the defendants, and that the original deed should be found
among the defendants' title papers; that the complainant is
unable to state more fully the provisions of the agreements
concerning said party wall, and that the defendants should
show under and by virtue of what agreements the party wall
in existence prior to said fire was built and in use.

It was further alleged that defendant Lavinia A. Herrick is
the guardian of Elijah A. and Sarah L. Herrick, and that at
the time the party wall was built by the complainant, she was
also the guardian of defendant Anna M. Herrick; that lot 103
was owned in part by said minors, and was susceptible of im-
provement so as to be made a source of income instead of a
burden to said minors, and that said minors were abundantly
able to contribute their shares toward the expense of improv-
ing the same; that on the 23rd day of October, 1877, on the
petition of said guardian, an order was entered by the Probate
Court of Cook county, authorizing said guardian to improve
said lot 103 at an expense of not to exceed $11,000; that the use
of said party wall and the payment therefor is a part of
the work of improving said lot, and there remains enough of
said sum of $11,000 unexpended to pay the complainant the
whole or a part of the sum due him in respect to the use of
said party wall by the defendants; that said guardian and the
defendants intrusted the erection of said building to one
Myers, who directed, managed and controlled the erection
thereof on said lot 103, under the direction and authority of
said guardian, and in the course of his conduct therein, licensed
and permitted the erection of the east wall of the complain-
ant's building upon the line between said lots, and for a party
wall, and to be used as such by and between the owners of

said lots; and promised that the defendants would pay the complainant one half of the value of such wall at the time the same should be used by the defendants, and thereupon and on the faith of such promise, as well as upon the other matters alleged, the complainant erected said party wall.

The bill prays for an answer by the defendants on oath, for an accounting in respect to the cost and value of said party wall, and for a decree requiring the defendants to pay the complainant one half of said cost or value with interest; also that the court ascertain and declare the rights of the parties in and concerning said party wall, and ascertain, declare and restore the evidence of any and all agreements respecting the same, and enforce such agreements, and a general prayer for relief. Defendant Lavinia A. Herrick appeared and demurred to the bill for want of equity, which demurrer was sustained by the court and the complainant electing to abide by his bill, the same was dismissed at his costs.

It is not easy for us to arrive at any very satisfactory conclusion as to the theory upon which the complainant has framed his bill. Whether he bases his title to relief upon some agreement in relation to the party wall entered into by the immediate or remote grantors of the present owners and running with the land, or upon an agreement, express or implied, between the complainant and defendants themselves, or upon some title in the nature of a prescriptive right, we are at a loss to determine. The bill seems to contain some allegations pointing to each of these several theories, but it is very clear that there is not sufficient averred to sustain either.

The rule is that where one party erects a wall one half on his own ground and one half on that of the adjoining owner without any agreement either express or implied for a contribution by the latter to the former in relation thereto, and such adjoining owner subsequently builds and uses such wall for one wall of his building, he can not be made to contribute any part of the cost of its erection. Huck v. Flentye, 80 Ill. 258.

There is no allegation in the bill of any agreement for such contribution between the grantors of the present owners.

There is an allegation of *some* agreement concerning the erection, maintenance and re-erection of a party wall, on record or otherwise, but as to what its terms were, or who was to build or re-build the wall, or whether the agreement imposed any obligation to contribute any portion of the expense; or whether it was so drawn as to be obligatory upon the grantees of the contracting parties, or whether the defendants took with notice of the agreement so as to be affected by its terms, the bill contains no averment or even a suggestion. The only agreement described with any degree of certainty, is the one contained in the deed from Dyer to Willard, which merely provided that a wall then situate upon the line between the two lots should be a party wall, while the title to the land on which it stood should remain in the adjoining owners in severalty. It does not appear, however, that the agreement thus described had any relation to a new wall that might be erected after the destruction of the one then in existence. Huck v. Flentye, *supra*. Nor does it appear that there was any agreement made by Willard, the defendants' grantor, either for himself or his assigns, to contribute in any way to the expense of the then existing wall, and much less to that of one which might thereafter be erected in its stead.

It is no sufficient answer that the alleged agreements were not in the complainant's possession or accessible to him, and that it was therefore impossible for him to state their terms. It was incumbent on him at least to show by some proper averment that they contained provisions giving him some title to relief. So far as the bill shows they were wholly immaterial to any right sought to be enforced, and can afford the complainant no title to either discovery or relief.

There is a no less signal failure to show any agreement either express or implied between the complainant and defendants. At the time the party wall was rebuilt and also at the time the defendants' building was erected, the defendants were infants, so that no agreement on their part to contribute to the expense of the party wall will be implied. Is an express agreement shown to have been made by any party authorized to contract on their behalf? The only allegation is that My-

ers, while employed by the guardian to superintend the erection of the defendants' building, and as part of his duties as such superintendent, licensed and permitted the rebuilding of the party wall and promised that the defendants should pay the complainant one half on its cost, and that it was in reliance upon such license and promise that the complainant built said wall. That this averment, in its most material features, is essentially untrue appears from the face of the bill itself. The bill shows that authority from the probate court to make the expenditures necessary to erect the defendants' building was not given nor Myers appointed to superintend its erection until more than one year after the complainant's building was finished. It was therefore impossible that such license should have been given or such promise made by Myers before the complainant built, or that the complainant should have relied upon the same on erecting his building.

When Myers was appointed superintendent, the wall had already been built, and that too under circumstances which imposed no obligation upon the defendants to contribute to the expense of its erection. It was not, then, within the purview of Myers' employment as superintendent, to make any promise or assume any obligation in relation to the party wall. That was standing in part on the defendants' land and they had an absolute right to use it as a part of their building without paying anything to the complainant therefor. Negotiations with the complainant for a right which the defendants already had and owned were clearly not within the line of Myers' duty, and if he made the promise as alleged, such promise, upon any theory disclosed by the bill, can not be held to be binding upon the defendants.

Nor are we able to see that the complainant's title to the relief sought by this bill is at all affected by the fact that the original party wall had been standing and in use by the adjoining proprietors for more than twenty years prior to its destruction in October, 1871. Had the question been as to the complainant's right to erect and maintain a new wall in place of the one destroyed he might very likely have set up a prescriptive right to do so. But the mere fact that the orig-

inal wall had been in use for twenty years neither shows nor tends to show a prescriptive right to build the wall at the expense of the adjoining owners.

We think it clear that the bill showed no title to relief of any character, and that the demurrer was properly sustained. The decree will be affirmed.

Decree affirmed.