THE STATE V. CRAIG ET AL.

1. **Practice:** TRNSFER TO EQUITY DOCKET. An order of court transfering a case to the equity docket, if erroneous, will not be reversed, where it does not appear that appellant demanded a jury trial, or excepted at the time to the ruling of the court.

2. **Official Bond:** ALTERATION BEFORE DELIVERY: SURETIES. The defendant, as principal, executed an official bond to the State of Iowa, with several sureties. Before the bond was delivered, the name of one of the sureties was erased by the principal. *Held:*

    1. That, as to the subsequent sureties, the principal was not authorized to deliver the bond after it had been so altered to their prejudice; and that they were not parties to the instrument sued on, nor liable thereon.

    2. That the real contract, of those signing before the one whose name was erased, was expressed by the bond as it stood when all the signatures had been obtained. That the release of one by the principal, was contrary to the understanding of the sureties, and without authority; and that the prior sureties were thereby released.

*Appeal from Lee Circuit Court.*

SATURDAY, APRIL 22.

ACTION upon a bond executed to the State of Iowa by the defendant, Seth H. Craig, as warden of the penitentiary, located at Fort Madison. The other defendants, Mourton Case, A. C. Roberts, Wm. G. Kent, Joseph Edwards, J. F. Edwards, H. Nelle, Thomas Smith, F. B. Kent, James Bullard, A. L. Courtwright and Wm. G. Albright, signed the bond as sureties. Judgment was rendered against Craig for the sum of $8,000, which judgment in still in force and unpaid.

The sureties defended upon the ground that after their signatures were obtained to the bond, it was materially altered. The evidence shows, without conflict, that after the signatures of the seven sureties, first above mentioned, were obtained.

one George H. Smith signed the bond as surety.    After that the signatures of the other sureties were obtained.    No names at that time had been inserted in the body of the bond. Before they were inserted, and before the bond was approved or offered for approval, the name of Geo. H. Smith was erased by the drawing of two lines through it with purple ink.    The erasure was made partly because Smith requested it, and partly because he refused to justify in an amount sufficiently large to be satisfactory to Craig.    It does not appear that the sureties, who signed the bond before Smith did, had knowledge that Smith signed it until after the commencement of the action.    None of the sureties consented to the erasure.

Before trial, upon the issue tendered by the sureties, they moved that the case be transferred to the equity docket, and tried as in equity.    The motion does not appear to have been resisted, and was, by the court sustained.    Trial having been had, judgment was rendered in favor of the defendant sureties, and the plaintiff appeals.

*Smith McPherson, Attorney-general,* and *Galusha Parsons,* for appellant.

*Casey & Casey* and *W. H. Hobbs,* for appellees.

ADAMS, J.—I.    The appellant contends that the court erred in transferring the case to the equity docket.    But it does not appear that the appellant demanded a jury trial or excepted to the ruling of the court.    It is true the appellant states in its abstract that it excepted, but no record entry is set out showing such exception; and the appellees, by an amended abstract, set out a copy of the entry containing the ruling upon the motion which does not show any exception taken.    The correctness of the amended abstract is not denied and must be taken as true.

1. PRACTICE: transfer to equity docket.

For anything that appears, then, the trial of the case as an equitable action, was satisfactory to the appellant.    If we

were of the opinion, therefore, that the appellee's motion was improperly sustained, we should not be justified in reversing upon that ground.

II.   Coming, then, to the merits of the case, we will first consider the liability of the sureties whose signatures were obtained subsequently to that of Geo. H. Smith. The appellant does not deny, and cannot properly deny, that the instrument signed by them was materially different from the instrument in suit.   But the appellant contends that the instrument is the same now as when delivered, and that all the sureties must be deemed parties to the delivery, because Craig, who delivered the instrument, had been intrusted with it by them for that purpose; that they must be presumed, therefore, to have assented to the delivery of the instrument as it was at that time, and cannot now be heard to complain.

2. OFFICIAL bond: alteration before delivery: sureties.

The true idea, however, we think is, at least so far as the subsequent sureties are concerned, that Craig was not authorized to deliver the instrument after it had been altered to their prejudice.   There is nothing in the nature of the transaction that can justify us in supposing that they contemplated anything of that kind.   In no proper sense, then, can they be deemed parties to the instrument sued on.

III.   When we come to the question as to whether the sureties can be held who signed before Geo. H. Smith did, we find more difficulty.   The bond with all the subsequent sureties released, differs in no material respect from the bond which the prior sureties signed.

If the understanding had been that the bond was to be delivered with their signatures and no one's else, and afterward, and before the delivery, the signature of another person had been obtained and erased, there would be much ground for contending that the instrument was precisely their contract. But the bond had been put in circulation for the purpose of obtaining such number of signatures as Craig deemed necessary, and such number as should be found necessary to

secure its approval. We may assume that the sureties in question, signed with the understanding that that number would be obtained, and it could not have been understood that that number was to be obtained in such a way that a portion of them could not be held. Yet that is what Craig did. If we hold for the appellant, a liability would be imposed upon the sureties in question more burdensome than they had any reason to anticipate. Their real contract was expressed by the bond as it stood when all the signatures had been obtained, and before the erasure. That is the instrument which we must suppose that the sureties in question authorized Craig to deliver. When, afterward, he not only released Smith by erasure of his name, but released all who signed subsequently to him, and then delivered the bond, we must hold that he acted contrary to the understanding of the sureties in question and without authority. In our opinion, they are not liable. Our attention has been called to no adjudications which are precisely in point, but as tending to support the views which we have expressed, see *Smith v. United States*, 2 Wallace, 219; *McCramer v. Thompson*, 21 Iowa, 244; *Dickerman v. Miner*, 43 Iowa, 508.

We think that the judgment of the Circuit Court must be

AFFIRMED.