CRITTENDEN V. ARMOUR, BARBEE & CO. *et al.*

1. **Contract:** UNWARRANTED CHANGE OF PARTIES. Plaintiff entered into an agreement with a syndicate composed of ten persons to convey to them a tract of land for a certain sum, but when the contract was reduced to writing one of them refused to sign it, and another, by the procurement of plaintiff and one of the syndicate, was induced to sign it as one of the syndicate, but this was done without the consent of the other eight members of the syndicate. *Held* that plaintiff could not enforce the contract, because it was not the contract to which the other associates consented. (See opinion for citations.)

2. —— : —— : AGENCY : FRAUD. A land-agent procured an option to purchase plaintiff's land for twenty thousand dollars. He then organized a syndicate, composed of himself and nine others, to purchase the land from plaintiff for twenty-two thousand dollars; but there was a secret understanding between him and plaintiff that they should share between them the advance of two thousand dollars. When the contract between plaintiff and the members of the syndicate came to be executed, one of them refused to sign it, and the agent procured another party to sign it, the other members of the syndicate not consenting to such change in its membership, and being ignorant of the arrangement between plaintiff and the agent for sharing the profits of the transaction. *Held* that the land-agent, in procuring the additional signature, was the agent of plaintiff, and not of his associates in the syndicate, and that the latter were not bound by his act, while the plaintiff was; that the act was a fraud upon the other members of the syndicate, and avoided the contract.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, MAY 21, 1890.

THIS is an action in chancery to foreclose a contract by which plaintiff obligated himself to convey certain lands upon the payment of an amount of cash and the execution of notes and mortgages for the balance. Upon a trial on the merits, plaintiff's petition was dismissed. He now appeals to this court.

*Sapp & Pusey*, for appellant.

*Stone & Sims*, for appellees.

BECK, J.—I. The plaintiff and defendants entered into a written contract, whereby plaintiff is bound to convey to defendants a tract of land on a day named, upon defendants' paying to plaintiff fifty-five hundred dollars, and executing their joint notes for sixteen thousand, five hundred dollars, secured by mortgage upon the land involved in the contract. The trade had its origin and was negotiated in this way: Armour, Barbee & Co., who signed the contract with others, were land-agents. They obtained an "option" for twenty-four hours upon the land in question, at the price of twenty thousand dollars. They then proceeded to organize what they call a "syndicate," for the purchase of the land for twenty-two thousand dollars, payments to be made and secured as above stated. They arranged with plaintiff so that they received the exclusive benefits of fifteen hundred dollars of the two thousand dollars which the syndicate were to pay for the land in excess of the price stipulated in their option. Five hundred dollars of the excess was to go to plaintiff. They were members of the syndicate, and were the active promoters of the negotiations and contracts. Plaintiff knew of their connection with the transactions, and that they had got up the scheme, and secured the co-operation of the other members of the "syndicate," nine in number; they, as a firm, increasing the number to ten. The other members of the "syndicate" were ignorant of the contract and arrangement between Armour, Barbee & Co., and plaintiff. It was agreed by the members of the "syndicate" that it should be composed of the ten parties, whose names were entered in a list, which was furnished to plaintiff and his attorney, to direct the preparation of the contract. After the contract was prepared, one of the "syndicate" refused to sign it, upon the ground that it presented the agreement of the parties in some particulars different from the terms to which he assented. But he signed the name of another, for whom he claimed to act as agent.

This not being satisfactory, the name signed by the person claiming to be agent was erased, and another, who was substituted as a member of the "syndicate" in the place of the recalcitrant member, signed it. The other members did not assent to this substitution, and they, or some of them, had instructed Armour, Barbee & Co. not to deliver the contract until all of the original members of the "syndicate" had signed it.

II. The evidence clearly establishes the fact that the parties to the contract were not wholly such as had been agreed upon and accepted by the purchasers of the land. One had refused to enter into the contract, and another, without the knowledge and consent of his associates, had been substituted. These parties not only contracted with the plaintiff, but, by implication of law, contracted with one another. They had chosen their associates, with whom they agreed to contract. No authority is recognized by the law under which the parties may be changed without the assent of the associates. It is a vital matter, with one entering into a contract of this character, that his associates shall be such as he approves and shall be agreeable to him, and of financial responsibility. It cannot be admitted that, without his assent, an associate may be substituted for one whom he has chosen, who is offensive to him, and is not of sufficient pecuniary responsibility. The change of one or more of the persons necessitates a change of the contract, which cannot be made. An attempt to do so will discharge the associates and annul the contract. Indeed, the contract as it appears with the substituted associate is not the contract in which the minds of the other associates met. It is void, and cannot be enforced. The correctness of the application of this rule to the case, in view of the fact that plaintiff had knowledge of the change, indeed advised, if he did not cause, it, cannot be doubted. *Bank v. Hall*, 101 U. S. 43 ; *State v. Craig*, 58 Iowa, 238 ; *State v. Churchill*, 3 S. W. Rep. 352 ; *Barber v. Burrows*, 51 Cal. 473.

> 1. CONTRACT: unwarranted change of parties.

III. The change of the parties contracting with plaintiff was procured by the active efforts of Armour, Barbee & Co., who themselves are signers of the contract and defendants in this action. But, notwithstanding these facts, they were the agents of plaintiff, and not of defendants, in the transactions under consideration. While they hold themselves out to the other defendants as their associates, and nothing more, they were in fact agents of plaintiff, authorized to sell the land. While they held an "option" as purchasers, it is very plain that this was a device for obtaining authority to sell the land with profit to themselves. At all events, whatever were their purposes and the understanding of plaintiff when the "option" was first taken, the direct evidence of these parties is to the effect that, before the contract in suit was signed, they had a full understanding that Armour, Barbee & Co. had "worked up" the transaction in order to procure plaintiff a purchaser, and to divide with plaintiff the profits they made in the trade, they retaining the largest part. The confidence between these parties, their common purpose, and other facts, require us to hold that Armour, Barbee & Co. were agents of plaintiff, and that they were not agents of the defendants. Plaintiff, and not defendants, is bound by their acts. The case, then, is one in which the plaintiff and his agents arrange a sale of property to the agents and their associates. They substitute in the written contract, in place of a party to the agreement, without the assent of the associates, one who was not a party to the agreement, nor an original associate, and they propose to divide between themselves profits of the transaction realized from payments made by the associates in ignorance of these fraudulent acts and concealments. The law will not enforce the contract, for the reason that it has been changed as to the parties, and the acts of plaintiff and his agents are fraudulent as to defendants. The decree of the district court is

AFFIRMED.