UNIVERSITY OF ILLINOIS *et al.,* Appellants, v. JOHN HAYES.

**Bonds:** SUBSTITUTION OF SURETIES BY ERASURE: *Burden of proof.*
Where a surety on a bond defends on the ground of alteration by erasing the name of a prior surety and substituting another name therefor, the burden is on him to show such erasure and substitution, and that he did not consent thereto, and that the obligee knew thereof, or had notice of facts which should have put it on inquiry.

*Same.* Where a bond shows that something has been erased from a line on which a surety signed and there is evidence that the erasure occurred after defendant signed as surety, and without his consent, there is no presumption against the validity of the bond requiring evidence on the obligee's part by way of explanation, unless the alteration is shown to be material.

REVIEW OF VERDICT. Where there is no evidence of the alteration of a bond except indications that something had been erased from a line on which one of the sureties signed, a verdict that the matter erased was he signature of a surety, that the erasure occurred after the defendant signed on the lower line, and that another name was substituted therefor without defendant's consent, is not justified by the evidence.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, OCTOBER 17, 1901.

ACTION at law upon a bond to recover for a breach thereof. There was a jury trial, resulting in a verdict and judgment for defendant. Plaintiffs appeal.—*Reversed.*

*C. E. Richards, P. W. Richards* and *N. G. Moore* for appellants.

*Ralph Pringle* and *J. M. Junkin* for appellee.

WATERMAN, J.—The record discloses without material conflict that the bond in suit was given by Charles W. Spaulding, as treasurer of plaintiff university, to secure it

for moneys and property which should come into his hands in virtue of his office. The bond was duly accepted by the obligee. Defendant, Hayes, was one of the sureties thereon. There was a breach of the conditions of such obligation, and this action is founded upon such breach. The only matters we have to consider are relative to a special defense set up, in which it is alleged the bond was altered after it was signed by the defendant, and without his knowledge or consent, by erasing the signature of one surety, and substituting the name of another person in its stead. The jury returned a general verdict in defendant's favor, and also made certain special findings, and the main contention on appellants' part is that the evidence does not support the verdict. The interrogatories submitted to the jury, with the answers returned by them, to which exceptions were taken, are as follows: "Interrogatory 1. Assuming that it appears from an inspection of the bond offered in evidence that some writing, afterward erased, was on the line whereon Alison W. Harlan's name now appears among the names of the sureties now attached to said bond, was that writing the name of another person not now a party to said bond? A. Yes. Interrogatory 2. Did that writing remain there unerased at the time the defendant, John Hayes, signed said bond as a surety? A. Yes. Interrogatory 3. If you answer to said (1) interrogatory that the writing so erased was the name of some one not now a party to said bond, then answer whether said name so erased was the name of an actual, existing person, capable of being identified and becoming a surety. A. Yes." "Interrogatory 5." If you have answered that there was such a name erased, and that it was the name of an actual existing person not now a party to said bond, and that the trustees and officers of the University of Illinois had no actual knowledge thereof, then answer whether you find that said erasure and the nature of the matter erased were so apparent when said bond was so delivered that a reasonably prudent person receiving the same from

the principal thereof would, upon inspection of the paper, and without other knowledge on the subject, have been led to inquire whether or not the name of the person not a party to the bond, had been attached thereto, and afterwards erased, without the knowledge and consent of the defendant, John Hayes. A. Yes." "Interrogatory 6. If the trustees or officers of the University of Illinois, upon receiving said bond, had inquired whether or not the name of some actual existing person capable of being a surety had executed said bond as a surety before the defendant signed the same, and whether or not the name of such person had been erased therefrom, and whether or not the same was done with the knowledge or consent of the other sureties thereon, do you find from the evidence that they would have obtained such knowledge. A. Yes." On the matter of the alteration of the bond the trial court instructed the jury as follows: "To make out this defense, the defendant must show all the foregoing matters by the evidence. First. That at the time defendant, Hayes, signed the bond in question, that some person, not now a party to said bond, had signed his name as surety on said bond in the place where the name of Alison W. Harlan now appears, and that said person's name was on the bond at the time John Hayes signed the bond. Second. That after John Hayes signed the bond that the name of the surety who had thus signed said bond in the place where the name of Alison W. Harlan now appears was erased, without the knowledge and consent of the defendant, John Hayes. Third. That the trustees of the university, when they received said bond, knew that said name had been erased from said bond, or that, when said bond was received by said trustees, the appearance of said bond was such that a reasonably prudent person receiving same would, on inspection of the bond, have been led to inquire whether or not the name of a surety, other than those appearing on said bond, had been erased therefrom, and that such inquiry would have ap-

prised said trustees that such surety's name had been erased
from said bond after same was signed by the defendant,
John Hayes. The burden rests with the defendant to show
all of said matters by the greater weight or preponderance
of the evidence. If all of said matters are thus shown, the
defense that said bond was fraudulently altered after it was
signed by the defendant will be made out, and will prevent
plaintiffs' recovery on said bond; but, if any one or more of
said matters are not shown by the evidence, then said de-
fense of the fraudulent alteration of said bond will not be
made out." These instructions the jury were bound to follow,
and we may with propriety say the rule of law therein an-
nounced is correct, as applied to the facts of the case. *Hagan
v. Insurance Co.,* 81 Iowa, 321.

We return now to the evidence, to see whether defend-
ant has sustained the burden thus cast upon him; or, rather,
whether he has made any substantial showing in this re-
gard. First, as to the character of the alter-
ation. The first surety to sign, or the name
which appears first below that of the prin-
cipal, is Solomon Spaulding. Next, and on the line
immediately below, is the name of Alison W. Harlan. Some-
thing in the space covered by the word "Harlan" appears to
have been erased. We have in the record a photographic
copy of this portion of the instrument, and it is impossible
to tell from an inspection what was erased. No evidence was
offered to show what, if anything, was written on this line
before Harlan signed. The jury must have reached a con-
clusion from an inspection of the instrument, and counsel for
defendant do not claim that anything more can be deter-
mined from such inspection than that an erasure was
made. But it is urged on behalf of appellee that
there is evidence tending to show that the erasure
was made after defendant signed, and that this fact would
raise a presumption against the validity of the instrument,
which would require evidence on plaintiffs' part, by way

of explanation, to overcome. This statement of the law needs qualification to be correct. The alteration must first be shown to be material. *Schroeder v. Webster,* 88 Iowa, 630; *Maguire v. Eichmeier,* 109 Iowa, 301; *Hagan v. Insurance Co., supra.* There is no such showing here, unless we indulge in the presumption that any erased writing in a space assigned for a surety's signature is a surety's name; and we know of no warrant for so doing. Certainly, we could not go to the extent of presuming it was the name of some surety whose signature is not now to the instrument. Yet that is what the jury found. Furthermore, the appearance of the instrument would tend to rebut any such presumption if it existed. "Charles W. Spaulding" is the first signature to the bond. Following this the names of the sureties appear, each beginning almost in line under the initial letter of the principal name. Whatever these letters or marks were that were erased, they began far to the right of the beginning of all other signatures, and filled only the space covered by the word "Harlan." There is another and stronger circumstance, which operates to rebut any such presumption as that the writing erased was the name of a surety not now appearing on the bond. So far as appears in the record, the body of this bond was filled out and complete before any signatures were attached. There is no intimation of any erasure except the one to which we have referred. We find the sureties' names in the body of the instrument in the precise order in which they signed, and the name of Alison W. Harlan is among them. How, in the face of the facts stated, the jury could find that the erasure was the name of "some existing person capable of becoming a surety, and not now a party of said bond," we are at a loss to conceive. They were precluded from guessing, yet their finding has nothing more substantial than a guess to support it. Our conclusion is that neither the general verdict nor the special findings to which exceptions were taken have support in the evidence.

Some other questions are presented by appellants. The grounds of our holding as above stated perhaps render it unnecessary that these be noticed. At most we need only say there is no evidence upon which to base the second paragraph of the seventh instruction asked. Neither do we think there is any such evidence of a ratification by Hayes as to have required a reference to that matter in the twelfth instruction given. And, finally, there was no error in omitting to state in the charge as an element of the defense, that Hayes must have believed, when he signed the bond, that the person whose signature was erased was to be a surety on the instrument. This is true, first, because there is no evidence as to what was erased, and, next, for the reason that such belief would be presumed, and there is no evidence tending to rebut such presumption. As lending support to this last statement, see *State v. Craig,* 58 Iowa, 238.—REVERSED.